# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  October 31, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| TONYA THOMAS,                     * | |
|                                              * | |
|          Petitioner,                    * | No. 16-767V |
|                                              * | Special Master Sanders |
| v.                                          * | |
|                                              * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH      * | |
| AND HUMAN SERVICES,      * | |
|                                              * | |
|          Respondent.                 * | |
| * * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Mallori B. Openchowski, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On June 29, 2016, Tonya Thomas ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine she received on or about November 7, 2014, caused her to develop urticaria and swelling. *See* Stip. at 1, ECF No. 47. Petitioner further alleged that she experienced residual effects of those injuries for more than six months. *Id.*

On August 20, 2018, Respondent filed a Stipulation for award of compensation, which the undersigned adopted as the Decision Awarding Damages on August 21, 2018. (ECF No. 48). On September 6, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 52 ("Fees

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

App."). Petitioner requests total attorneys' fees and costs in the amount of $41,819.77. Fees App at 3. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* Ex. 5. Respondent reacted to the motion on September 12, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 43). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.   Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.   Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:

Petitioner requests the following rates of compensation for her attorneys: for Mr. Jeffrey Pop, $400.00 per hour for work performed in 2015 and $420.00 per hour for work performed in 2016-2018; for Ms. Kristina Grigorian, $250.00 per hour for all work performed in 2017 and 2018; and for Ms. Alexandra Pop, $225.00 per hour for all work performed from 2015-2018. Fees App. Ex. 1 at 2. Petitioner also requests that all law clerk work performed on this matter be compensated at $125.00 per hour. *Id.*

The rates requested for all attorneys and law clerks are consistent with what counsel has requested and been awarded in previous Vaccine Program cases. *See Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2017); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018); *Delguzzi v. Sec'y of Health & Human Servs.*, No. 16-1350V, 2018 WL 739813, at *3 (Fed. Cl. Spec. Mstr. Jan. 9, 2018). Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Petitioner requests compensation for 92.2 total hours billed by Mr. Pop and his associates. Fees App. Ex. 1 at 2. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and Respondent has not objected to any particular entry either. Accordingly, I find the hours expended on this matter are reasonable. Petitioner is therefore entitled to the full amount of attorneys' fees sought, **$25,821.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,998.27 in attorneys' costs. The vast majority of this amount ($15,200.00) is attributable to work performed by Petitioner's expert, Dr. Hermes Garbán. Dr. Garbán billed 38 hours in this matter at a rate of $400.00 per hour. Fees App. Ex. 3 at 2. As with attorneys, fees for experts in the Vaccine Program are subject to the same reasonableness standards as fees for attorneys. *Pelton v. Sec'y of Health & Human Servs.*, No. 14-674V, 2017 WL 3378773, at *6 (Fed.

---

http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Cl. Spec. Mstr. July 12, 2017) (citing *Baker v. Sec'y of Health & Human Servs.*, No. 99-653, 2005 WL589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005)).

Upon review, the undersigned finds the requested rate for Dr. Garbán to be reasonable. Previously, he has been awarded a similar rate for work in the Vaccine Program. *See Pentcholov v. Sec'y of Health & Human Servs.*, No. 14-414V, slip op. at 8 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) (awarding Dr. Garbán approximately $393.00 per hour for his expert work). Additionally, the undersigned finds the amount of time billed by Dr. Garbán to be reasonable in light of the fact that he prepared two expert reports in this matter while reviewing Respondent's expert's report, which contained a substantial amount of medical literature. Accordingly, I will reimburse Petitioner in full for her expert's work.

The remaining balance of costs ($798.27) is comprised of medical record costs, mailing costs, and the Court's filing fee. All of these costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of all requested costs. Accordingly, the undersigned awards Petitioner the full amount of attorneys' costs sought, **$15,998.27**.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, is reasonable. Accordingly, the undersigned hereby awards **a total of $41,819.77 (representing $25,821.50 in attorneys' fees and $15,998.27 in costs) to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Jeffrey S. Pop, of Jeffrey S. Pop & Associates, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).